IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT L. VANDERPLOEG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-3497 |
| | § | |
| SWANSON VENTURES, INC. and WHITESTONE REIT | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING THE DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

The defendant, Whitestone REIT, moved for a more definite statement under Federal Rule of Civil Procedure 12(e). (Docket Entry No. 7). Co-defendant Swanson Ventures does not oppose the motion. (Docket Entry No. 11). The plaintiff, Robert Vanderploeg, did not respond. For the reasons stated below, the motion is denied.

A party is entitled to a more definite statement when all or part of a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e). "[M]otions for a more definite statement are generally disfavored." *Russell v. Grace Presbyterian Village*, No. 3:05-cv-0030, 2005 U.S. Dist. LEXIS 44730, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (citing 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRAC. & PROC. § 1377 (2d ed. 1990)); *see also* 5C WRIGHT & MILLER, FEDERAL PRAC. & PROC. § 1376, at 306 (3d ed. 2004) ("The 1948 Amendment of Federal Rule 12(e) makes it clear that the availability of a motion for a more definite statement is quite restricted.").

"Whether to grant a motion for a more definite statement is a matter within the discretion of

1

the trial court." *Russell*, 2005 U.S. Dist. LEXIS 44730, 2005 WL 1489579, at *3 (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)). "When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading." *Chapman v. Dallas County Cmty. Coll. Dist.*, No. 3:05-cv-1809, 2006 U.S. Dist. LEXIS 86952, 2006 WL 3442057, at *4 (N.D. Tex. Nov. 29, 2006) (citing *Mitchell*, 269 F.2d at 130).

When a defendant seeks more information in pleadings that can be clarified and developed during discovery, an order directing the plaintiff to provide a more definite statement is not warranted. *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (citing *Mitchell*, 269 F.2d at 132). "A motion for more definite statement should not be used as a substitute for discovery; it should be used as a remedy for unintelligible pleading, not for correcting a lack of detail." *Residents v. Zone*, No. H-16-1458, 2017 U.S. Dist. 70523, at *15 (S.D. Tex. May 9, 2017) (citing *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001)). While parties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading, 5 WRIGHT & MILLER, FEDERAL PRAC. & PROC. § 1203, at 99 (3d ed. 2004) ("[T]he form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested . . . by a motion for a more definite statement[.]"), "[a] court should only grant a motion for more definite statement when the complaint is 'so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Residents*, 2017 U.S. Dist. 70523, at *15 (S.D. Tex. May 9, 2017) (citation omitted).

In its motion, Whitestone seeks additional details from Vanderploeg about the exact date he was a customer at the defendants' facility, the specific location of all parking spaces that he alleges

2

were not ADA-compliant, and whether he patronized other units on the same property. These are matters that can be developed through discovery. Vanderploeg's complaint is not "unintelligible," "excessively vague," or "ambiguous" as to prevent the defendants from framing a responsive pleading. The Rule 12(e) motion for a more definite statement is denied.

SIGNED on January 4, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge